IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIAM A. WHITE,**
**No. 13888-084,**

      **Petitioner,**

                              Case No. 18–cv–1225-DRH

vs.

**WILLIAM TRUE**

      **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner William A. White, who is an inmate in the United States Penitentiary located in Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner challenges his conviction for soliciting an unnamed person to commit a federal crime of violence in violation of 18 U.S.C. § 373. (Doc. 1, p. 2). Petitioner was convicted in the United States District Court for the Northern District of Illinois. *United States v. White*, No. 08-cr-851 (N.D. Ill). This matter is now before the Court for preliminary review of the habeas petition.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

1

direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## Background[1]

Petitioner was charged with soliciting the commission of a violent federal crime against a juror in violation of 18 U.S.C. § 373. The alleged solicitations at issue were messages that Petitioner posted to a website that he created to advance white supremacy, which included a 2005 statement that "[e]veryone associated with the Matt Hale[2] trial has deserved assassination for a long time," and a 2008 publication of information related to the foreperson, "Juror A," of the jury that convicted Hale. The 2008 post disclosed Juror A's home address and mobile, home, and work phone numbers, though it did not contain an explicit request for Juror A to be harmed.

In January 2011, Petitioner was tried and convicted by a jury. Petitioner then filed a Rule 29 motion for entry of a judgment of acquittal, arguing that the evidence was insufficient to convict him of solicitation. The district court granted the motion, finding that the government failed to present sufficient evidence for a reasonable juror to conclude that Petitioner was guilty of criminal solicitation, and that Petitioner's speech was protected by the First Amendment. The government appealed, and the Seventh Circuit reversed, reinstating Petitioner's conviction. Petitioner was sentenced to 42 months' imprisonment.

---

[1] The following is taking from the Petition and from *U.S. V. White*, 698 F.3d 1005 (7th Cir. 2012).
[2] Matt Hale is an incarcerated white supremacist leader. *See United States v. Hale,* 448 F.3d 971 (7th Cir. 2006).

2

In December 2013, pursuant to 28 U.S.C. § 2255, Petitioner moved to vacate, set aside, or correct his sentence. *White v. United States*, No. 13-cv-9042 (N.D. Ill.). Petitioner argued that his trial counsel provided ineffective assistance by removing non-whites and Jews from the jury and by failing to bring to the attention of the government or the court Petitioner's cooperation with law enforcement in a Virginia murder investigation. *Id.* at Doc. 53.

By order dated May 4, 2016, the district court denied Petitioner's § 2255 motion. *Id.* In April 2017, the Court of Appeals for the Seventh Circuit declined to issue a certificate of appealability because Petitioner had failed to make a substantial showing of the denial of a constitutional right. *White v. United States*, No. 16-2108 (7th Cir. 2017).

In January 2017, Petitioner asked for leave to file another collateral attack, claiming he was incompetent at the time of trial. *White v. United States*, No. 17-1143 (7th Cir. 2017). The Seventh Circuit denied the request, finding the proffered evidence did not speak to Petitioner's mental state at the time of trial and noting that Petitioner did not explain why he failed to raise the claim when he filed his original § 2255 petition. *Id.*

In April 2018, Plaintiff, once again, sought leave to file a successive § 2255 petition. *White v. United States*, No. 18-1899 (7th Cir. 2018). Petitioner cited to *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018), which struck down the "residual clause" of 18 U.S.C. § 16(b) as unconstitutionally vague. *Id.* Petitioner argued that, because he was convicted of soliciting a "crime of violence" under § 373, his

3

conviction could have rested on the invalidated § 16(b). The Seventh Circuit concluded *Dimaya* had no bearing on Petitioner's conviction and rejected Petitioner's alternative argument pertaining to whether the crime he solicited contained the required element of force. *Id.* Accordingly, the request was denied. *Id.*

## **Habeas Petition**

On May 21, 2018, after Petitioner filed a civil suit, the FBI released documents to Plaintiff, including a report dated June 27, 2007. (Doc. 1, pp. 3,6, 13-14). According to Petitioner, this report reveals that the author, apparently an FBI agent, reviewed postings on Petitioner's website and concluded that he "was not motivated to cause physical harm to persons discussed, but, merely to embarrass them." (Doc. 1, p. 6). Petitioner believes that this report, as well as other documents released by the FBI on May 21, 2018, demonstrates that he did not possess the requisite intent. According to Petitioner, the newly released documents exonerate him and withholding them violated *Brady*.

Petitioner contends that, in light of the newly released documents, he is eligible for relief under § 2241. In support of this contention, Plaintiff cites to *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015), a decision from the Seventh Circuit Court of Appeals addressing whether newly discovered evidence, bearing directly on the constitutionality of a prisoner's death sentence, allowed that prisoner to pursue relief under § 2241.

## Standard under § 2241

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See, Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A motion under § 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only one motion under § 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re*

5

*Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion and that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also, Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

The Seventh Circuit's cases following *Davenport* have held that "there must be some kind of structural problem with section 2255 before section 2241 becomes available. In other words, something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## Discussion

Petitioner does not meet the *Davenport* criteria. In order to show that § 2255 is inadequate to test the legality of his detention, a petitioner must "first show that the legal theory he advances relies on a change in law that both

6

postdates his first § 2255 motion (for failure to raise a claim the first time around does not render § 2255 'inadequate') and 'eludes the permission in section 2255 for successive motions.' " *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003), citing *Davenport*, 147 F.3d at 611.

Here, Petitioner's argument relies not on a new rule of law, but on newly discovered evidence. Newly discovered evidence does not permit the filing of a § 2241 petition in the instant case. It may, however, present grounds for filing a second or successive § 2255 motion. A second or successive § 2255 motion requires permission from the appropriate court of appeals, and is allowed when the court of appeals certifies that the petition is based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1).

Petitioner notes that *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015), allowed a challenge premised on newly discovered evidence to be brought in a § 2241 petition. That is true, but irrelevant. The petitioner in *Webster* had been sentenced to death. He alleged that he had new evidence that he was intellectually disabled and therefore constitutionally ineligible for the death penalty. The Seventh Circuit explained that there is no "absolute bar to the use of the safety valve found in section 2255(e) for new evidence that would demonstrate categorical ineligibility for the death penalty," and ultimately concluded the

7

petitioner could proceed under § 2241. But, the Appellate Court only allowed the petitioner to proceed under § 2241 because, under the unique situation presented by his case, there was a structural problem with § 2255. Specifically, the new evidence at issue in *Webster* allegedly came to light long after the petitioner's first § 2255 motion was denied, and the petitioner was unable to raise that claim in a successive § 2255 motion because § 2255(h)(1) limits new evidence claims to new evidence establishing innocence of the *offense*. *Webster*, 784 F.3d at 1132-1134. Thus, *Webster* does not disturb the Seventh Circuit's longstanding rule that "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster* 784 F.3d at 1136.

Here, no structural problem with § 2255 prevents Petitioner from presenting his claim. If Petitioner has newly discovered evidence that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," he has grounds for filing a successive § 2255 motion in the Northern District of Illinois. That is the opposite of a structural problem: it is the way the statute was designed to operate. 28 U.S.C. § 2255(h)(1).

## Disposition

Petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claim, and consistent with *In re Davenport*, Petitioner cannot raise this claim through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the Petition is summarily **DISMISSED** with prejudice.

8

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Judge Herndon
2018.07.11 16:20:31
-05'00'

**United States District Judge**